## THE PEOPLE *v*. TORRES.

### APPEAL from the District Court of Mayagüez.

No. 98.—Decided October 29, 1907.

FINE — SUBSIDIARY IMPRISONMENT — COSTS — MUNICIPAL COURTS — DISTRICT COURTS.—Subsidiary imprisonment for failure to pay a fine and costs imposed by municipal courts must be at the rate of one day for each fifty cents of the fine and costs remaining unpaid, and these courts have no discretion whatever to reduce the term of imprisonment. The district courts have the power to impose imprisonment for failure to pay a fine not to exceed one day for each dollar which the accused fails to pay, but this rate may be reduced in the discretion of the court.

APPEAL—EVIDENCE—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence taken during the trial, the same must be included in a bill of exceptions or statement of facts.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case wherein the defendant was convicted of a crime against the electoral franchise. The record shows that the accused falsely swore that he was 21 years of age, when really he was only 17, in order to be registered as a voter in the precinct of Rosario and the town of San Germán.

A complaint was filed against him in the Municipal Court of San Germán, charging in sufficient allegations the crime, and he was, on the 12th of December, 1906, convicted and sentenced to pay a fine of fifty dollars ($50) and the costs of

the prosecution, amounting to seven dollars and eighty-five cents ($7.85) or to one month imprisonment in the municipal jail at San Germán. The alternative imprisonment should have been one hundred and fifteen days (115) in duration, in accordance with section 54 of the Code of Criminal Procedure. The municipal courts are required to impose alternative imprisonment at the rate of one day for each half dollar of the sum of the fine and costs, and no discretion is granted them to shorten this time. For the crime of which the defendant was convicted the punishment assessed is very light indeed. Such offenses strike at the very roots of free government and should be punished so severely as to effectually eradicate the crime from the Island. But with the errors of the municipal court we have nothing to do.

An appeal was taken and a new trial was had in the District Court of Mayagüez. Here the same judgment was rendered as in the municipal court. But, strange to say, this judgment was correct in the district court. For some reason the Legislature grants a discretion to the judges of the district court in fixing the term of imprisonment as an alternative for the nonpayment of a fine. Section 322 of the Code of Criminal Procedure requires the alternative imprisonment, in the district courts, to be fixed at not to exceed one day for each dollar of the fine imposed. In this case the imprisonment might have been put as high as 50 days, but the court was authorized to fix it at less, which was done, reducing it to one month, or 30 days in jail. This judgment was rendered on the 1st of February, 1907. An appeal was taken therefrom on the 4th of February last. This appeal was evidently made for delay only. It was not perfected until the 13th of June, more than four months after the notice filed. The necessary delays in this court and the summer vacation have caused a further delay, so that the case was not heard here until the 25th of October.

Neither statement of facts nor bill of exceptions appears in the record. No brief has been filed on behalf of the appellant, nor did any counsel appear to make an oral argument in his behalf. However, he has able to give bond in the sum of $100 to keep out of prison pending the appeal.

By some means or other two documents have gotten into the record; one the certificate of baptism of the defendant and the other a certificate of. A. M. Lyons, Superintendent of Elections, that the accused was registered as a voter. In order to place such papers as these in the records, and to thereby form a part of it, they should be incorporated into a statement of facts or a bill of exceptions, which must have the certification of the district judge in the usual way.

From a careful inspection of the record as presented here no error appears in the judgment of conviction rendered by the District Court of Mayagüez in this case on the 1st of February, 1907; and accordingly the same should be affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.